IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS INDENTURE TRUSTEE, FOR CWHEQ, INC. REVOLVING HOME EQUITY LOAN ASSET-BACKED NOTES, SERIES 2007-E**
240 Greenwich Street
New York, NY 10286

    **Plaintiff**

v.

**PAUL MAUCHA**
5721 Potomac Avenue, NW
Washington, DC 20016

  and

**JOHN DOES 1-10**
5721 Potomac Avenue, NW
Washington, DC 200016

    **Defendants**

Case No. _____

## COMPLAINT FOR EJECTMENT

The Plaintiff, by and through its undersigned attorneys, sues the Defendants for Ejectment, and says:

### Parties and Jurisdiction

1. Plaintiff is the owner in fee simple absolute of the entirety of the real property and improvements commonly known as 5721 Potomac Avenue, N.W., Washington, DC 20016 (the "Property") by virtue of a Corrective Substitute Trustees' Deed dated October 19, 2009, a true and accurate copy of which is attached hereto as Exhibit 1. The Property is more specifically described as:

1

      Lot 62 in Square 1452 in Subdivision of Lots made by William B. Kremens, Trustee, as Per Plat recorded in Liber 177 at folio 64 in the Office of the Surveyor for the District of Columbia.

2. Plaintiff is a securitized trust operating through its trustee, The Bank of New York Mellon ("BONY"). BONY is a corporation organized under the laws of Delaware with its principal office in New York.

3. This Court and the Superior Court for the District of Columbia have previously adjudicated Plaintiff as the owner of the Property in final judgments.

4. The Property is improved by a single-family home.

5. Defendant Paul Maucha ("Maucha") is a natural person and a citizen of the District of Columbia.

6. Maucha is wrongfully in possession of and exercising acts of ownership over the Property along with other unknown persons ("John Doe Defendants").

7. The John Doe Defendants are the natural persons residing in the Property at the time of filing of this suit. Plaintiff will substitute named defendants for the John Doe Defendants after discovery is obtained from Maucha to permit identification of the John doe Defendants.

8. The Plaintiff is completely diverse from the Defendants and the amount in controversy in this matter exceeds $75,000.00. Plaintiff seeks more than $75,000.00 in damages and the tax assessment value of the Property in dispute is $2,707,590.00 as of 2023.

**Facts Common to All Counts**

9. Maucha began his occupancy pursuant to a sham lease signed more than a decade ago with the former owner of the Property on the eve of foreclosure. A true and accurate copy of the sham lease is attached as Exhibit 2.

10. That sham lease has been terminated and Maucha no longer has any rights as a tenant, if he ever had any in the first place. A true and accurate copy of the termination notice is attached hereto as Exhibit 3.

11. Nonetheless, Maucha remains in possession of the Property, asserting that he is the contract purchaser of same and entitled to ownership of the Property.

12. The contract in question (the "Contract") has long since expired and any claims arising thereunder, for specific performance or otherwise, are barred by the statute of limitations. A true and accurate copy of the Contract is attached hereto as Exhibit 4.

13. The Contract was executed in late 2015.

14. Settlement was to occur with 60 days of ratification. The Contract further noted that ratification had occurred on December 10, 2015. Exhibit 4 at p.8.

15. Maucha was ultimately unable to close because he could not obtain a policy of title insurance, due to his co-conspirator ("James Clarke" who is likely a pseudonym for Maucha) recording a multi-million[1] dollar UCC Financing Statement against the Property in an apparent attempt to prevent Plaintiff from selling the Property.

16. The settlement date passed in early 2016, some seven years ago, and Maucha has been wrongfully in possession of the Property since then.

17. Consistent with the contract having been terminated, pursuant to Sections 4 and 33 of the Contract, ATG Title, the escrow agent, filed a lawsuit against Maucha in 2019 to dispose of the deposit.

18. The Contract has expired by its own terms and is no longer in force or effect.

19. Maucha no longer has any rights in or to the Property.

---

[1] The financing statement refers to the sums of $20 million and $100 million.

20. Despite this, Maucha continues to occupy the Property and assert rights as a contract purchaser.

## COUNT ONE
**(Ejectment)**

21. Plaintiff incorporates by reference the prior allegations of this Complaint.

22. There are two forms of statutory ejectment in the District of Columbia (DC Code §42-3210 and DC Code §16-1101, *et seq*), both of which resolve claims for possession and ownership of real property brought by the owner of property against persons wrongfully in possession of same.

23. Plaintiff is the rightful, legal owner of the Property with a right to possession of same.

24. Maucha is in wrongful possession of the Property and has been since 2016.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment declaring that Plaintiff is the fee simple owner of the Property, that the Defendants have no right to possession of same, directing the Defendants to vacate the Property immediately, and directing the Clerk of Court to issue a Writ of Possession in favor of the Plaintiff directing the US Marshal's Office to place Plaintiff in possession of the Property, and for such other and further relief as the Plaintiff's cause may require.

## COUNT TWO
**(Claim for Mesne Profits)**

25. Plaintiff incorporates by reference the prior allegations of this Complaint.

26. Upon information and belief, Maucha has been allowing unknown persons to occupy the Property for years, charging them significant sums of rent (in excess of $75,000.00), and retaining said funds for himself.

27. Pursuant to DC Code §16-1109(a)(1), Plaintiff is entitled to recover any and all *mesne* profits received by Maucha from the Property.

28. In the alternative, pursuant to DC Code §16-1109(a)(2), Plaintiff is entitled to recover the clear value of the use and occupation of the Property by Maucha and/or for any injury to the Property caused by Maucha.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Maucha in an amount in excess of $75,000.00, plus the costs of this action, and such other relief as Plaintiff's cause may require.

Respectfully submitted,

MCNAMEE HOSEA, P.A.

/s/ Aaron D. Neal
Aaron D. Neal - Bar No. 985292
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Tel.    301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com

*Attorneys for the Plaintiff*