UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BANK OF NEW YORK MELLON, | : | | |
| | : | | |
| Plaintiff / Counter-Defendant, | : | Civil Action No.: | 23-915 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 9, 12 |
| | : | | |
| PAUL MAUCHA, | : | | |
| | : | | |
| Defendant / Counter-Plaintiff. | : | | |

### MEMORANDUM OPINION

**DENYING DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO DISMISS; GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**

### I.  INTRODUCTION

This matter arises out of a dispute over property between the property owner Bank of New York Mellon ("BNYM") and an individual who resided on the property, Paul Maucha.  In April 2023, BNYM sued to eject Maucha from the property.  Compl. ECF No. 1.  Maucha—who is proceeding *pro se* and who was recently convicted of wire fraud, conspiracy to commit wire fraud, and engaging in monetary transactions in criminally derived property, Judgment at 1–2, *United States v. Maucha*, No. 21-cr-332 (D.D.C. June 14, 2024), ECF No. 216—responded by filing a document which the Court construed as both a motion to dismiss the complaint and a counterclaim against BNYM, *see* Countercl., ECF No. 8; Def.'s Mot. Dismiss, ECF No. 9.  BNYM now moves to dismiss the counterclaim.  Pl.'s Mot. Dismiss Countercl. ("Pl.'s Mot."), ECF No. 12.  For the reasons described below, BNYM's motion to dismiss the counterclaim is granted, and Maucha's motion to dismiss is denied.

## II. BACKGROUND

### A. Factual Background

BNYM is the owner in fee simple absolute of the "multi-million dollar single-family home" at 5721 Potomac Avenue, N.W., Washington, D.C. 20016. Pl.'s Mot. at 1; *see also* Compl. ¶ 1. Before his arrest, Maucha lived at the property for over fifteen years and was "intermittently paying an $1,000/month pittance in rent." Pl.'s Mot. at 1. According to BNYM, he was able to do so "because he signed a sham lease with the former owner on the eve of foreclosure, then spent more than a decade engaged in spurious legal wrangling to stay in the house for little or no rent to the detriment of" BNYM. *Id.* Over the years, Maucha also "claimed housing code violations" and "demanded repairs" but then "threatened to kill anyone that [BNYM] sent out to inspect the property." *Id.* at 1–2.

Maucha no longer resides at the property. *See* Judgment at 3, *United States v. Maucha*, No. 21-cr-332 (D.D.C. June 11, 2024), ECF No. 216 (committing Maucha to a 135-month term of incarceration). In his stead, however, BNYM alleges that "squatters" now occupy the property. Pl.'s Mot. at 2. BNYM further alleges that those squatters "more likely than not . . . filed the Counterclaim on Maucha's behalf." *Id.*

### B. Procedural Background

On April 4, 2023, BNYM filed suit in federal court seeking to eject Maucha from 5721 Potomac Avenue. Compl. ¶¶ 21–24. BNYM's complaint also seeks to recover *mense* profits Maucha received as a result of allowing other "unknown persons to occupy the [p]roperty for years." *Id.* ¶¶ 25–28. On November 28, 2023, Maucha filed a counterclaim that accuses BNYM of fraud, requests dismissal of BNYM's complaint, and demands $10 million "plus the costs of all actions and any other relief a Jury may find." Countercl. at 2–3. Because the Court

2

construed Maucha's counterclaim as, in part, a motion to dismiss, BNYM filed a brief opposing dismissal. Pl.'s Opp'n Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 10. Maucha did not file a reply.

On December 19, 2023, BNYM moved to dismiss Maucha's counterclaim. Pl.'s Mot. at 1. Maucha's response was due on January 2, 2024, *see* Fed. R. Civ. P. 6(a)(1), (d); D.D.C. LCvR 7(b), but he did not file one. Thus, on June 6, the Court issued an order advising Maucha of his obligation to respond to BNYM's motion. Order at 1, ECF No. 13. The Court warned Maucha that if he "fail[ed] to submit a memorandum responding to [BNYM's] motion [by July 5], the Court may treat the motion as conceded, grant the motion, and dismiss his counterclaim." *Id.* at 1–2. On July 5, Maucha filed a motion for an extension of time, in which he requested an additional six months to respond to the motion to dismiss. Def.'s Mot. Extension Time, ECF No. 14. The Court granted in part and denied in part Maucha's request. Order at 1–2, ECF No. 16. Relevantly, the Court gave Maucha an additional thirty days in which to file an opposition. *Id.* at 1. The Court again cautioned Maucha that "if he neither responds nor moves for an extension of time by [August 12], the Court may treat [BNYM's] motion to dismiss as conceded and dismiss Mr. Maucha's counterclaim." *Id.* at 2 (cleaned up). Despite that warning, Maucha has neither responded to the motion to dismiss nor sought further extension of the deadline.

### III. ANALYSIS

Under Local Civil Rule 7(b), if any party fails to file a response to a motion within "14 days of the date of service or at such other time as the Court may direct . . . the Court may treat the motion as conceded." D.D.C. LCvR 7(b). This rule "is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam), the D.C. Circuit held that a district court must take pains

to advise a *pro se* party of the consequences of the failure to respond to a dispositive motion. *See also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Fox*, 837 F.2d at 509.

The Circuit has addressed challenges to the compatibility of Local Civil Rule 7(b) with various Federal Rules of Civil Procedure. *See Winston v. Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) ("Local Rule 7(b) cannot be squared with Federal Rule of Civil Procedure 56."); *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016) ("Applying Local Rule 7(b) to grant an unopposed motion to dismiss under Federal Rule 12(b)(6) risks circumventing the clear preference of the Federal Rules to resolve disputes on their merits."). However, *Cohen* ultimately "reaffirmed that, in the context of a motion to dismiss, it '[has] yet to deem a straightforward application of Local Rule 7(b) an abuse of discretion.'" *Voacolo v. Fed. Nat'l Mortg, Ass'n*, 224 F. Supp. 3d 39, 42 (D.D.C. 2016) (quoting *Cohen*, 819 F.3d at 480); *see also Woodhouse v. Ayfi Grp.*, No. 22-cv-1834, 2022 WL 22625187, at *1 (D.D.C. Nov. 21, 2022).

This case presents such a situation. BNYM filed its motion to dismiss in December 2023. Maucha has thus had over eight months to respond but has declined to do so. *See Makell v. FedChoice Fed. Credit Union*, No. 19-cv-2364, 2019 WL 13255496, at *2 (D.D.C. Dec. 23, 2019) (granting motion to dismiss as conceded after 74 days passed without response from plaintiff). Moreover, Maucha has twice been warned that if he failed to respond "the Court may treat the motion as conceded, grant the motion, and dismiss his counterclaim." Order at 1, ECF No. 13; Order at 2, ECF No. 16. Accordingly, the Court concludes that Maucha's failure to respond to BNYM's motion to dismiss presents a straightforward situation in which to apply

Local Rule 7(b).  It will, therefore, grant BNYM's motion as conceded, and will dismiss Maucha's counterclaim without prejudice.[1]

Before concluding, the Court notes an alternative basis on which dismissal of the counterclaim is proper.  Local Rule 5.1(c)(1) requires a party proceeding *pro se* to file a notice of a change of address "within 14 days of the change." D.D.C. LCvR 5.1(c)(1).  Failure to obey this rule provides grounds for dismissing a case for "want of prosecution." *Summers v. Moore*, No. 95-cv-2074, 1996 WL 365646, at *1 (D.D.C. June 27, 1996); *see also Matthews v. Comm'r of Soc. Sec.*, 424 F. App'x 1, 1 (D.C. Cir. 2011) (per curiam); *Bishop v. Gen. Servs. Admin.*, No. 19-cv-1396, 2020 WL 977973, at *2 (D.D.C. Feb. 28, 2020).  Maucha's address appears to have changed at least twice since he filed his counterclaim, yet he has never informed the Court of any changes.  The Court has also warned Maucha that if he did not "file a change of address notice on or before August 12, 2024 . . . the Court may consider dismissing his counterclaim[] for failure to prosecute." Order at 2, ECF No. 16.  Because Maucha has not complied with the Local Rules or the Court's directives, the Court will also dismiss the counterclaim without prejudice for failure to prosecute.  *See Summers*, 1996 WL 365646, at *1; *see also* D.D.C. LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court . . . upon the Court's own motion.").

---

[1] Maucha's counterclaim requests nine different forms of relief, one of which is that the Court "[d]ismiss [BNYM's] case . . . for lack of merit." Countercl. at 2.  Because the Court will dismiss Maucha's counterclaim, it will also deny Maucha's motion to dismiss—to the extent it may be construed as such a motion—as moot.  In any event, Maucha's arguments for dismissal of BNYM's complaint are meritless.  *See* Pl.'s Opp'n at 2–3.

## IV.  CONCLUSION

For the foregoing reasons, Defendant/Counter-Plaintiff's Motion to Dismiss (ECF No. 9) is **DENIED**, and Plaintiff/Counter-Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED AS CONCEDED**.  It is hereby:

**ORDERED** that Defendant/Counter-Plaintiff's Counterclaim is **DISMISSED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that the Clerk of the Court shall send Mr. Maucha a copy of this Opinion and the accompanying Order (ECF No. 18) at the following three addresses:

Paul Maucha
5721 Potomac Avenue, NW
Washington, DC 20016

Paul Maucha
Reg. Number: 45013-509
FDC Philadelphia
700 Arch Street
Philadelphia, PA 19106

Paul Maucha
Reg. Number: 45013-509
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 30, 2024                                             RUDOLPH CONTRERAS
                                                                                  United States District Judge